IT IS ORDERED AND NOTICE IS GIVEN THAT:

    (a) The trustee is authorized to compensate the debtor's attorney in the amount requested below without further notice or order if this application and order thereon are timely served unless, within 30 days of the FILED date, a party files a written objection setting forth specific grounds for the objection with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204. If the amount requested includes fees for work necessary to complete the case, and payment of the fees will have any impact on creditor distributions, the trustee is authorized to compensate the attorney in the amount requested for work necessary to complete the case 21 days after an itemized bill for the additional work is filed and the bill is served on the debtor unless, within 14 days after service, a written objection is filed.

    (b) The applicant must: (1) comply with all provisions in the court's Notice to Serve Document(s), and (2) serve this document and file the completed certificate of service using this document without any attachments.

_____
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re    )
    )  Case No. _____
    )
    )  [ONLY FOR CHAPTER 13 CASES]
    )  APPLICATION BY DEBTOR'S ATTORNEY
    )  FOR SUPPLEMENTAL COMPENSATION;
Debtor(s)    )  AND ORDER AND NOTICE THEREON

I, the undersigned debtor's attorney, whose address and phone number are _____
_____, apply for additional compensation from the debtor's estate for the period from _____ to _____ in the sum of $_____ (which is not less than $500 unless this is a final application, and which, if this is a final application, includes $_____ in anticipated additional fees to complete the case), per the attached itemized billing summary.

I CERTIFY THAT:

    1. This (**Check One**)    IS    IS NOT my final application for compensation in this case.

    2. I have previously been awarded a total of $_____. If granted, the total approved compensation amount will be $_____.

1307 (12/1/15) **Page 1 of 2**

3. My Disclosure of Compensation shows the debtor(s) and I agreed to:
   ___ Schedule 2   ___ Schedule 3.

4. My previous application for compensation (i.e., either the original compensation disclosure or a supplemental application) was filed on _____, which is more than six months from the date of this application unless this is my final application.

5. Allowance of this application will (mark all that apply):
   __ not affect the distribution to creditors.
   __ not change the length of the plan which is estimated at _____ months.
   __ change the length of the plan from an estimated _____ months to an estimated _____ months.
   __ delay the distribution to creditors by approximately _____ months.
   __ reduce the distribution to general unsecured creditors from an estimated _____% to an estimated _____ %
   __ require that the debtor pay more, either by additional or increased plan payments sufficient to pay the additional fees.
   __ other: _____
   _____.

6. Applicant will file a modified plan within 28 days of allowance of the compensation requested in this application if the allowance will otherwise require plan modification.

7. Applicant declares that, except as explained below, the minimum time billed is not in increments that exceed .1 hour (6 minutes), and that any time spent working on multiple matters concurrently has been allocated between those matters so that total billings do not exceed the actual time spent:

DATE: _____                                    _____
                                                    Debtor's Attorney


***STOP:*** **BEFORE** **SERVING COPIES, SUBMIT THE MOTION TO OBTAIN A JUDGE'S ORDER!**

### CERTIFICATE OF SERVICE

I certify that on _____ a copy of this application and order thereon (without attachments unless the order requires service of an economic impact statement on the debtor), and any Notice of Hearing prepared by the court per the judge's order, were served on the debtor, and, if amounts requested and anticipated exceed $1,000, on all creditors who filed claims and entities that filed a request to receive all case notices.

                                                    _____
                                                    Signature & Relation to Applicant

1307 (12/1/15) **Page 2 of 2**

| Trans Date | Tmkr | Hours to Bill | Amount | |
|---|---|---|---|---|
| **Fees** | | | | |
| 10/01/2018 | NJH | 0.5 | $ 187.50 | Review emails from client regarding base calculation and potential dismissal without discharge. |
| 10/29/2018 | TGS | 2.1 | $ 661.50 | Analyze tax returns, plan and changes to base calculation (1.8); conference with N. Henderson regarding case status, strategy and closing issues (.3). |
| 11/02/2018 | TGS | 0.6 | $ 189.00 | Further analysis of trustee base calculation and discrepancies with same. |
| 11/08/2018 | NJH | 0.5 | $ 187.50 | Telephone call from client regarding questions and available loan; review TrustWin case ledger; conference with T. Sexton regarding next steps. |
| 11/08/2018 | TGS | 0.9 | $ 283.50 | Further review of ovetime calculations(.5); emails with trustee regarding same(.3); telephone conference with N. Henderson regarding trustee response and strategy (.2). |
| 11/09/2018 | NJH | 0.7 | $ 262.50 | Review email from J. Hantman (0.2); conference T. Sexton regarding same (0.2); draft email to clients regarding same (0.3). |
| 11/13/2018 | NJH | 0.5 | $ 187.50 | Review email from J. Hantman regarding payoff calculation; email to clients regarding same; emails to/from J. Hantman regarding same. |
| 12/13/2018 | TGS | 0.5 | $ 157.50 | Analyze case status; prepare final fees application. |
| **Total for Fees** | | 6.3 | $ 2,116.50 | |
| **Expenses** | | | | |
| 10/31/2018 | NJH | | $ 5.30 | PACER; court access |
| **Total for Expenses** | | | $ 5.30 | |
| **GRAND TOTALS** | | 6.3 | $ 2,121.80 | |